William G. Wright, Esq.
N.J. Attorney ID # - 022481980
CAPEHART & SCATCHARD, P.A.
8000 Midlantic Drive, Suite 300S
PO Box 5016
Mount Laurel, NJ 08054-5016
Tel: (856)234-6800
*Attorneys for Defendant, Completecare Health Network,*
*d/b/a CompleteCare Health Network*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN DIVISION

| | |
|---|---|
| AMY FAZENBAKER, *et al*., | ) Hon. Edward S. Kiel, U.S.D.J. |
| | ) Hon. Sharon A. King, U.S.M.J. |
| *Plaintiffs,* | ) |
| | ) Civil Action No. 1:24-cv-11170 |
| v. | ) |
| | ) |
| COMMUNITY HEALTH CARE, INC. | ) |
| D/B/A COMPLETECARE HEALTH | ) |
| NETWORK, | ) |
| | ) |
| *Defendant.* | ) |

---

BRIEF OF DEFENDANT IN OPPOSITION TO PLAINTIFFS' AND NON-PARTY UNITED STATES'S MOTIONS TO REMAND THIS CIVIL ACTION

---

On the brief:

Matthew S. Freedus, Esq.
FELDESMAN LEIFER LLP

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ................................................................................1

I.    Plaintiffs and the United States fail to recognize that § 233(*l*) obligates the Attorney General to effectuate removal on behalf of deemed defendants ........6

    A. The Secretary irrevocably deemed CompleteCare to be a PHS employee for the relevant period ..............................................................6

    B. Section 233(*l*)(1) obligated the Attorney General to remove this action on behalf of CompleteCare...............................................................9

    C. CompleteCare's removal under § 233(*l*)(2) was timely ...........................13

II.   Plaintiffs and the United States misapply § 1446(b)(1) instead of § 1446(b)(3) in analyzing the timeliness of CompleteCare's § 1442 removal....................16

CONCLUSION ................................................................................22

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Agyin v. Razmzan*,
    986 F.3d 168 (2d Cir. 2021)......................................................................3, 4, 5

*Allen v. Christenberry*,
    327 F.3d 1290 (11th Cir.2003).......................................................................14

*Blumberger v. Tilley*,
    115 F.4th 1113 (9th Cir. 2024)................................................................*passim*

*Estate of Booker v. Greater Philadelphia Health Action, Inc.*,
    10 F.Supp.3d 656 (E.D. Pa. 2014).................................................................14

*Estate of Campbell v. S. Jersey Med. Ctr.*,
    732 Fed. Appx. 113 (3d Cir. 2018) .................................................................7

*Celestine v. Mount Vernon Neighborhood Health Ctr.*,
    403 F.3d 76 (2d Cir. 2005).......................................................................12, 14

*Cohens v. Virginia*,
    19 U.S. 264 (1821).........................................................................................2

*Colo. River Water Conservation Dist. v. U.S.*,
    424 U.S. 800 (1976).......................................................................................2

*Cuoco v. Moritsugu*,
    222 F.3d 99 (2d Cir. 2000).............................................................................5

*De Martinez v. Lamagno*,
    515 U.S. 417 (1995)................................................................................13, 22

*Doe v. Centerville Clinics Inc.*,
    2024 WL 3666164 (3d Cir. Aug. 6, 2023)......................................................13

*Doe v. Neighborhood Healthcare*,
    No. 21-cv-1587, 2022 WL 17663520 (S.D. Cal. Sept. 8, 2022) ........................3

ii

*El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health, & Human Servs.*,
396 F.3d 1265 (D.C.Cir.2005) .........................................................................14

*Ford v. Sandhills Med. Found., Inc.*,
No. 21-cv-02307, 2022 WL 1810614 (D.S.C. June 2, 2022) ..........................3

*Ford v. Sandhills Med. Found., Inc.*, 97 F.4th 252 (4th Cir. 2024) .........................3

*Friedenberg v. Lane County*,
68 F.4th 1113 (9th Cir. 2023)..........................................................................5

*Hale v. ARcare, Inc.*,
2024 WL 1016361 (E.D. Ark. Mar. 8, 2024) ...................................................3

*Hunter v. Bryant*,
502 U.S. 224 (1991).......................................................................................11

*Krandle v. Refuah Health Ctr., Inc.*,
No. 22-cv-4977, 2024 WL 1075359 (S.D.N.Y. Mar. 12, 2024)...................3, 12

*League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*,
921 F.3d 378 (3d Cir. 2019) ...........................................................................16

*Lovern v. Gen. Motors Corp.*,
121 F.3d 160 (4th Cir. 1997)...........................................................................17

*McLaren v. UPS Store, Inc.*,
32 F.4th 232 (3d Cir. 2022)...............................................................16, 17, 19

*A.S. ex rel. Miller v. SmithKline Beecham Corp.*,
769 F.3d 204 (3d Cir. 2014).....................................................................19, 20

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
526 U.S. 344 (1999)........................................................................................17

*Rea v. Michaels*,
742 F.3d 1234 (9th Cir. 2014).........................................................................21

*Romulus v. CVS Pharm., Inc.*,
770 F.3d 67 (1st Cir. 2014) .............................................................................17

iii

*Roth v. CHA Hollywood Med. Ctr. L.P.*,
    720 F.3d 1121 (9th Cir. 2013) ........................................................................18

**Statutes**

28 U.S.C. § 1442(a)(1) ................................................................................1, 3

28 U.S.C. § 1446(b) ................................................................................14, 20

28 U.S.C. § 1446(b)(3) ..................................................................................*passim*

28 U.S.C. § 2679(d)(3) ....................................................................................4

42 U.S.C. § 233 ............................................................................................*passim*

42 U.S.C. § 233(a) ........................................................................................*passim*

42 U.S.C. § 233(c) ................................................................................1, 6, 22

42 U.S.C. § 233(g) ..................................................................................8, 18

42 U.S.C. § 233(g)(1)(F) ........................................................................8, 10, 11

42 U.S.C. § 233(h) ..................................................................................8, 18

42 U.S.C. § 233(*l*) ........................................................................................*passim*

42 U.S.C. § 233(*l*)(1) ..................................................................................*passim*

42 U.S.C. § 233(*l*)(2) ..................................................................................*passim*

Federally Supported Health Centers Assistance Act ........................................9

Federal Tort Claims Act ..............................................................................7, 9

Pub. L. No. 104-73, 109 Stat. 777 ................................................................9

**Other Authorities**

H.R. Rep. No. 104-398 ................................................................................9

# **INTRODUCTION**

This removal action—to adjudicate Community Health Care, Inc.'s claim to federal immunity under 42 U.S.C. § 233(a)—is well grounded and timely under two separate and distinct officer removal statutes, 42 U.S.C. § 233(*l*) and 28 U.S.C. § 1442(a)(1).[1] This Court should therefore exercise its jurisdiction and corresponding duty to conduct the "hearing" and make the immunity "determination" mandated by 42 U.S.C. § 233(c) and (*l*).[2] These removal provisions afford deemed defendants a federal forum to ascertain the availability of a federal defense and, if necessary, challenge the Attorney General's case-specific, coverage determination, as such decisions affect the federal rights and liabilities of parties to litigation. 42 U.S.C. § 233(a) (affording absolute immunity by making the exclusive remedy a claim against the United States under the Federal Tort Claims Act).

Although Plaintiffs' and the government's remand motions are couched in terms of jurisdictional and procedural objections, their undeniable objective is to deprive CompleteCare of a "meaningful forum in which to challenge the

---

[1] Defendant Community Health Care, Inc., d/b/a CompleteCare Health Network, is referred to herein as "CompleteCare" or "CCHN."

[2] If Court denies the remand motions, as it should, the parties should be directed to propose a "briefing schedule" for "a hearing pursuant to 42 U.S.C. § 233(*l*)(2) [to] substitute the United States as the only proper defendant in place of Community Health Care, Inc." ECF No. 5 (Minute Order).

1

government's failure to certify scope of employment." *Blumberger v. Tilley*, 115 F.4th 1113, 1135 (9th Cir. 2024). Indeed, the United States pressed (unsuccessfully) for that very result in *Blumberger*. *See* United States's Pet. for Reh'g En Banc, *Blumberger v. Tilley*, No. 22-56032, Dkt. No. 82 (9th Cir., filed Nov. 25, 2024) ("As all courts of appeals to consider the issue have concluded, this appearance by the government precludes removal by the defendant."). That position and objective, as the *Blumberger* decision explains, not only ignores the primary language and purpose of officer removal statutes but cuts against the "strong presumption that Congress intends judicial review" of such executive branch actions. *Id.* at 1136 (citing *De Martinez v. Lamagno*, 515 U.S. 417, 424 (1995) (quoting *Bowen v. Mich. Acad. of Fam. Physicians*, 476 U.S. 667, 670 (1986)).

No surprise then, the data-breach class actions Plaintiffs and the United States cite here (except for one) illustrate federal courts doing precisely what they insist this one cannot do: exercise § 233(*l*) or § 1442 jurisdiction to adjudicate a deemed health center's claim to § 233(a) immunity. Those decisions—none of which are binding here—illustrate, rather than refute, why this Court must exercise its "virtually unflagging obligation" to reach its own conclusion as to whether § 233(a) immunity applies. *See Colo. River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976); *see also Cohens v. Virginia*, 19 U.S. 264, 404 (1821) (Marshall, C.J.)

("We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.").[3]

In terms of Plaintiffs' and the government's procedural objections to removal, each one is confronted and rejected in either *Blumberger v. Tilley*, 115 F.4th 1113 (9th Cir. 2024) or *Agyin v. Razmzan*, 986 F.3d 168 (2d Cir. 2021). In *Blumberger*, the Ninth Circuit held that 42 U.S.C. § 233(*l*)(1) obligates the Attorney General to remove on behalf of deemed health center defendants, and that § 1446(b)(3)—not §

---

[3] *See*, *e.g*.., *Krandle v. Refuah Health Ctr., Inc.*, No. 22-cv-4977, 2024 WL 1075359, at *3, *9–10 (S.D.N.Y. Mar. 12, 2024) (holding, in putative data-breach class actions, "[deemed health center defendant]'s alleged duty to safeguard PII and PHI is a 'medical . . . or related function'" within the meaning of § 233(a) immunity) (citing *Krandle*, 2023 WL 2662811, at *4–8, 11) (denying remand motion and finding jurisdiction under 28 U.S.C. § 1442(a)(1)); *Engles v. ARcare, Inc.*, No. 22-cv-00117-BSM (E.D. Ark.), ECF No. 55, 56 (orders denying remand, exercising jurisdiction under § 233(*l*)(2), and otherwise consolidating *Engles* "into *Hale v. ARcare*, 3:22-cv-00117-BSM"); *Hale v. ARcare, Inc.*, 2024 WL 1016361 (E.D. Ark. Mar. 8, 2024) (denying ARCare's claimed § 233(a) immunity from putative class action arising out of data-breach incident), *appeal filed*, No. 24-1726 (8th Cir. Apr. 8, 2024); *Ford v. Sandhills Med. Found., Inc.*, No. 21-cv-02307, 2022 WL 1810614, at *3 n.5 (D.S.C. June 2, 2022) (Harwell, C. J.) (exercising jurisdiction under § 233(*l*)(2) and § 1442(a)(1) to hold that § 233(a) immunity covers data-breach class action against deemed health center), *rev'd in part*, *Ford v. Sandhills Med. Found., Inc.*, 97 F.4th 252 (4th Cir. 2024), *cert. pet. pending*, No. 24-483 (docketed Oct. 30, 2024).

Both Plaintiffs and the United States neglect to mention *Doe v. Neighborhood Healthcare*, No. 21-cv-1587, 2022 WL 17663520, at *1, *8 (S.D. Cal. Sept. 8, 2022). There, exercising both § 233(*l*)(2) and § 1442(a)(1) jurisdiction, the court held that § 233(a) immunity covers an "alleged data breach" class action, and thus ordered the substitution of the United States as the proper defendant in deemed health center's place. Neither plaintiff nor the United States appealed any aspect of the decision.

1446(b)(1)—governs the timing of the deemed defendant's § 1442 removal where, as here, the initial pleading does not reveal facts supporting a federal officer removal. Moreover, the Ninth Circuit recognized that the only time limit on removals or remands under § 233(c) or (*l*) is the beginning of "trial." *Cf.* 28 U.S.C. § 2679(d)(3) ("In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee *may at any time before trial* petition the court to find and certify that the employee was acting within the scope of his office or employment.") (emphasis added).

In *Agyin*, the Second Circuit held that § 233(*l*) and § 1442(a)(l) provide "separate and alternative" removal authorizations to adjudicate a deemed Public Health Service employee's claimed immunity under § 233(a). *Agyin*, 986 F.3d at 177 (ordering substitution of the United States, over its objection, in place of deemed defendant). Directly assessing and rejecting the superfluity concern Plaintiffs and the government advance here, *Agyin* held: "[a]lthough [its] reading of § 1442 would permit deemed PHS employees to remove cases under § 1442 . . . it would not render § 233 superfluous because removal under § 233 provides different rights to the removing party than does removal under § 1442." *Agyin*, 986 F.3d at 179. That conclusion was based on an elucidation of several clear and substantive differences between the statutes. *Id*. at 179-80.

4

Neither Plaintiffs nor the United States mention, much less confront, the *Agyin* decision, even though it is cited throughout CompleteCare's notice of removal. ECF 1, Notice of Removal, at 6-8, 15, 20. Instead, they cite several unpublished district court decisions out of the Ninth Circuit and an unpublished Third Circuit decision, all of which the *Blumberger* decision expressly rejects or plainly abrogates. As for the *Blumberger* decision, the government brushes it off as "much disputed" but fails to cite a single decision analyzing—much less disagreeing—with it. ECF 11-2, U.S. Br. at 12. For their part, Plaintiffs try to sidestep *Blumberger* on the notion that § 233(*l*)(1) applies only to garden variety "malpractice" claims—because the underlying action in *Blumberger* (for which immunity sought) is a classic medical malpractice claim—even though the immunity (which the removal procedure protects) is not limited to "only" malpractice claims. *Friedenberg v. Lane County*, 68 F.4th 1113, 1128 (9th Cir. 2023) ("Congress did not limit § 233 immunity to "only" malpractice claims when it could have.") (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 108 (2d Cir. 2000)); *see also Friedenberg*, 68 F.4th at 1127 (rejecting argument PHS Act, through provisions other than § 233(a), "limits immunity to 'tortious conduct' that 'occurs in the setting of the actual provision of medical services'"); *Cuoco*, 222 F.3d at 108 ("There is nothing in the language of § 233(a) to support that conclusion.")

As *Blumberger* plainly recognizes, the merits of the immunity defense—*i.e.*, whether the alleged conduct is protected under § 233(a)—is precisely what the district court must determine in the hearing mandated by § 233(c) and (*l*). 42 U.S.C. § 233(c), (*l*)(2); *Blumberger*, 115 F.4th at 1134 n. 7, 1135 (expressing "no view" on the merits of the deemed defendant's defense and recognizing the parties are free to contest claimed immunity).

I.    **Plaintiffs and the United States fail to recognize that § 233(*l*) obligates the Attorney General to effectuate removal on behalf of deemed defendants**

A.    **The Secretary irrevocably deemed CompleteCare to be a PHS employee for the relevant period**

Both provisions of § 233(*l*) facilitate removal and judicial review for the benefit and protection of deemed PHS defendants. The first, § 233(*l*)(1), obligates the Attorney General to advise the state court of the Secretary's "ex-ante" conferral of deemed status within fifteen days of notice, and, on that timely report, to mandate removal, regardless of the Attorney General's separate, "ex-post" coverage decision. *Id*. at 1129 ("§ 233(*l*)(1) obligates the Attorney General to report on the Secretary's deeming decision, not to report the Attorney General's ultimate coverage decision."). If the Attorney General "fails" to perform this mandatory duty—i.e., to effectuate removal—a deemed health center defendant is entitled to remove the action itself. Once removed, the district court has a duty to conduct a "hearing" and

make a threshold immunity "determination." 42 U.S.C. § 233(c), (*l*)(2) (mandating a "hearing" and a judicial determination as to whether § 233(a) covers the action and makes the plaintiff's exclusive remedy a claim against the United States under the FTCA); *Blumberger*, 115 F.4th at 1134-35; *accord Estate of Campbell v. S. Jersey Med. Ctr.*, 732 Fed. Appx. 113, 116–17 (3d Cir. 2018) (concluding § 233(*l*)(2) "grants a district court jurisdiction to decide whether to remand the case or to substitute the United States as a party and deem the action as one brought under the FTCA").[4]

Although the Public Health Service (PHS) Act (as amended) is "complicated," the "key to unlocking" the meaning of § 233(*l*) is in understanding the distinction Congress drew between the "different determinations made by different department heads." *Id.* at 1127–29. Section 233 provides the Secretary, who has "expertise in administering healthcare policies and services," exclusive authority to designate health centers and their personnel as federal employees for purposes of § 233(a) immunity. *Id.* at 1128. To carry out that responsibility, the Secretary must "prescribe" an "application," § 233(g)(1)(D), to ensure, among other things, that each health center "has implemented appropriate policies and procedures to reduce

---

[4] Plaintiffs and the government only attempt to distinguish—not challenge—*Campbell* on the basis of the Attorney General's appearance, even though it erroneously advised the state court of CompleteCare's deemed status.

the risk of malpractice and the risk of lawsuits arising out of any health or health related functions performed by the entity." *Id.* § 233(h)(1). The Secretary's approval of that application—its ex ante deeming determination—prospectively applies to a specified calendar year and affords the health center applicant (and its personnel) a federal-employee status that is "final and binding" on the Attorney General in any subsequent litigation. *Id.* § 233(g)(1)(F). In contrast, the Attorney General, with expertise in representing the interests of the United States and defending the public fisc, is tasked with making a "litigation-specific" coverage decision and defending individuals or entities covered by § 233(a). § 233(b), (c). *Blumberger*, 115 F.4th at 1128–29.

Given the Act's clear "division of labor," it makes sense for the Secretary's deeming determination—the only determination referenced in § 233(*l*)(1)—to confer *federal jurisdiction* and obligate the Attorney General to remove the action. *Id.* at 1128. "[I]t is an employee's deemed status," determined by the Secretary under § 233(g) and (h), "not *covered* status," determined by the Attorney General (or delegee) under § 233(c), "that triggers the removal provisions of § 233(*l*)(1)." *Id.* at 1134 (emphasis added). Thus, "[a]ny advice the Attorney General may give to the state court about its ultimate coverage decision *has no legal consequence*—one way or another—under § 233(*l*)(1)." *Id.* (emphasis added). The Attorney General's ex-post coverage determination, in other words, can neither retroactively strip a health

center's deemed federal status nor deprive the district court of its jurisdiction over the immunity defense.[5]

## B. § 233(*l*)(1) obligated the Attorney General to remove this action on behalf of CompleteCare and, in turn, mistakenly concluded that his removal was procedurally improper or defective under § 233(*l*)(2)

In their remand motions, Plaintiffs and the United States argue that—by timely appearing in state court and reporting that CompleteCare "is not deemed"— the Attorney General effectively precluded CompleteCare from removing under § 233(*l*)(2). ECF 11-2, Ex. 2 (USAO Notice). That argument not only undoes the purpose of § 233(*l*)—which was added to a pre-existing and generous "any time before trial" removal scheme for the additional benefit and protection of deemed PHS employees—but rests on an affirmative misrepresentation to the state court.[6]

---

[5] The *Blumberger* decision illustrates that § 233(*l*)(2)'s timing clause is not jurisdictional. That is, *Blumberger* Court vacated a remand order based on the government's misadvice under § 233(*l*)(1)—without having to determine if § 233(*l*)(2) was available to the deemed defendant. *Blumberger*, 115 F.4th at 1134 ("[I]t is an employee's deemed status … that *triggers the removal provisions of* § 233(*l*).") (emphasis added).

[6] The removal provision, among others, was enacted to remedy the Attorney General's historic failure to act on behalf of deemed defendants. *See* Federally Supported Health Centers Assistance Act (FSHCAA) of 1995, Pub. L. No. 104-73, 109 Stat. 777, § 6 (adding removal provisions which cross-reference, and incorporate preexisting removal provision under § 233(c)).see also H.R. Rep. No. 104-398, at 7, 12 ("The Committee is concerned about the length of time that it has taken for malpractice claims to be processed . . . [D]elays in the appearance by DOJ in State or local court . . . ha[ve] resulted in at least one default judgment against a health center involving a claim that later was determined to be covered under the FTCA.").

Under § 233(*l*)(1), the Attorney General was obligated to advise the state court of CompleteCare's *positive* deemed status and, in turn, to remove the action *on its behalf. Blumberger*, 115 F.4th at 1139. There is no genuine dispute—nor could there be—that the Secretary deemed CompleteCare in advance of, and for, the period in which the events giving rise to this action occurred. ECF 1, Notice of Deeming, at 1 (citing government's web-based platform listing each deemed entity by name, address, and "deeming period"); 42 U.S.C. § 233(g)(1)(F). It is that ex ante determination of the Secretary, which is "final and binding" on the Attorney General, that "triggers the removal provisions of § 233(*l*)(1)." *Blumberger*, 115 F.4th at 1134.

Instead of reporting the Secretary's favorable deeming of CompleteCare for the relevant period, and removing the action on its behalf, the United States "misleadingly" advised the state court that "the *United States Attorney for the District of New Jersey* has determined that [CompleteCare] is *not deemed* to be an employee of the Public Health Service with respect to the actions or omissions giving rise to this case." ECF No. 11-2, Ex. 2; *Blumberger*, 115 F.4th at 1134 (finding Attorney General "*misleadingly advised* the state court that [the *deemed* defendant] was 'not deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233 with respect to the actions or omissions that are the subject of the above captioned action.'") (emphasis added).

That notice is inaccurate and misleading in at least three respects. First, it mistakenly suggests that the Attorney General's designee has the authority to make deeming determinations. Not so. The authority, by design, rests exclusively with the Secretary, and a favorable deeming determination is "final and binding upon . . . the Attorney General." 42 U.S.C. § 233(g)(1)(F).

Second, a deeming determination is only made in advance of and for a specified calendar year, not in response to a lawsuit. That is why the determination, with respect to any named health center defendant, is readily ascertainable and easily reportable to a state court (within 15 days) before the typical deadline for an answer or responsive pleading (which protects against default judgment and preserves the status quo pending a threshold immunity decision).[7] In contrast, the Attorney General, not the Secretary, makes the litigation-specific ("ex post") coverage determination (as to conduct that occurred within a deemed period). Even if the local U.S. Attorney here meant to report "its ultimate coverage determination," that "decision has no legal consequence—one way or another—under § 233(*l*)(1)." *Blumberger*, 115 F.4th at 1134.

---

[7] In this way, § 233(*l*)(1) protects against default judgment and prevents the deemed defendant from having to litigate (which immunity is a right not to do) pending a threshold immunity determination—consistent with longstanding immunity jurisprudence. *Cf. Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (observing Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation").

Third, the statement that CompleteCare "is not deemed" is false. It was unquestionably and irrevocably deemed for the period in which "the actions or omissions that are the subject of [this] civil action" occurred. 42 U.S.C. § 233(*l*)(1). Moreover, that very status alone has yielded immunity to other health centers from nearly identical data-breach class actions. *See Krandle v. Refuah Health Ctr., Inc.*, No. 22-cv-4977, 2024 WL 1075359, at *3, *9–10 (S.D.N.Y. Mar. 12, 2024) (holding that a "[deemed health center defendant]'s alleged duty to safeguard PII and PHI is a 'medical . . . or related function'" within the meaning of § 233(a) immunity). The notice neglects to mention that truth—that its coverage decision is hardly universal.

Had the Attorney General properly advised the state court of the *Secretary*'s *favorable deeming decision*, as required by § 233(*l*)(1), not the coverage decision of the "United States Attorney for the District of Jersey," ECF 11-2 at 7, "the Attorney General would have been obligated to remove the case to federal court" on behalf of CompleteCare. *Blumberger*, 115 F.4th at 1135. If anything, CompleteCare—by removing the action—merely did here what the Attorney General should have, but failed, to do. Indeed, § 233(*l*)(2) "contemplates," and provides a failsafe for, that very situation. *Id*. at 1119 ("If the Attorney General *fails* to appear" for the single purpose identified in § 233(*l*)(1), the case "shall be removed to federal court . . .") (citing § 233(*l*)(2) (emphasis added); *accord Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("§ 233(*l*)(1) itself says

12

that *compliance with its terms* also serves to 'satisfy the provisions of subsection (c).'") (emphasis added).[8]

### C. CompleteCare's removal under 233(*l*)(2) was timely

CompleteCare's removal—following the Attorney General's misadvice and violation of 233(*l*)(1)—is timely. Where, as here, the Attorney General—despite its nondiscretionary duty under 233(*l*)(1)—"fails" to appear and advise to effectuate § 233(*l*)(1)'s singular purpose (*i.e.*, removal)—the deemed defendant has a broad right to remove under 42 U.S.C. § 233(*l*)(2). Consistent with the importance of the federal interests that PHS Act immunity serves, the Act imposes no temporal limitation on

---

[8] Plaintiffs' and the government's reliance on *Doe v. Centerville Clinics Inc.*, 2024 WL 3666164 (3d Cir. Aug. 6, 2023), cert. pet. pending, No. 24-727 (docketed Jan. 10, 2025) is misplaced. That unpublished and unpersuasive decision is outright rejected by *Blumberger*, 68 F.4th at 1128–29, which explains that "*Doe v. Centerville Clinics, Inc.* . . . illustrates the dangers of eliding th[e] distinction" between deeming and coverage determinations." The dangers include at least two foreseeable and highly disfavored consequences. First, the deemed federal employee is left with "no meaningful forum in which to challenge the government's failure to certify scope of employment." *Id.*; *see also id.* at 1138 (rejecting notion, which the government asserts here, that "judicial review remains available to [the deemed defendant] in state court or an APA action"). Second, Article III judges are reduced to "petty functionaries . . . required to rubber-stamp the decision of a scarcely disinterested executive officer, but stripped of capacity to evaluate independently whether that decision is correct." *De Martinez v. Lamagno*, 515 U.S. 417, 426 (1995). Such a "strange course becomes all the more surreal when [as here] one adds to the scene
the absence of an obligation on the part of the Attorney General's delegate to conduct a fair proceeding, indeed, any proceeding." *Id.* at 429 (rejecting outcome in which "courts could do no more, and no less, than convert the executive's scarcely disinterested decision into a court judgment").

§ 233(*l*)(1) and (2) other than 233(c)'s "any time before trial," which § 233(*l*)(1) expressly incorporates by reference. 42 U.S.C. § 233(*l*)(1). This removal occurred well before trial, much less discovery and dispositive motions. Moreover, "[t]he fact that § 233(*l*)(2) was added to a statutory scheme in which suits against health centers were removable at any time before trial provides a basis to infer that Congress intended the same time frame to govern removals by the health centers themselves." *Estate of Booker v. Greater Philadelphia Health Action, Inc.*, 10 F.Supp.3d 656, 663-66 (E.D. Pa. 2014) (rejecting "dicta" in other cases—including *Allen v. Christenberry*, 327 F.3d 1290 (11th Cir.2003) and *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health, & Human Servs.*, 396 F.3d 1265, 1274 (D.C.Cir.2005)—suggesting that 28 U.S.C. § 1446(b) or laches might apply to the PHS Act's separate and independent removal scheme).[9]

A fundamentally mistaken premise of Plaintiff's and the government's timeliness argument—which *Blumberger* rejects—is that § 233(*l*)(1) and § 233(*l*)(2)'s 15-day window inure to the benefit of the Attorney General. Through

---

[9] In *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76 (2d Cir. 2005), the government conceded that when the Attorney General does not appear and advise the state court of the Secretary's ex ante deeming determination, as contemplated by 42 U.S.C. § 233(*l*)(1), the deemed defendants "being sued" may "remove the case themselves, *without any statutory time limit*," for a hearing "to determine the proper forum for the case." U.S. Br., No. 04-0839, 2004 WL 3767822, *15-16 (citing § 233(*l*)(2)) (emphasis added).

that lens, Plaintiffs and the United States misperceive CompleteCare's removal as defeating the purpose—or depriving the Attorney General of the benefit—of a timely appearance. In the *Blumberger* litigation, the United States clarified that the "benefit" it sought was the ability to preclude removal and review of its coverage decision. *See* United States's Pet. for Reh'g En Banc, *Blumberger v. Tilley*, No. 22-56032, Dkt. No. 82 (9th Cir., filed Nov. 25, 2024) ("As all courts of appeals to consider the issue have concluded, this appearance by the government precludes removal by the defendant.").

The Ninth Circuit squarely rejected the notion that § 233(*l*) affords any such benefit to the Attorney General. *Blumberger*, 115 F.4th at 1137 ("[I]f one thing about § 233 is plain, it is that Congress did not plainly commit this [scope of employment] inquiry to the unreviewable judgment of the Attorney General"). As *Blumberger* explains, the Attorney General's two-part obligation under § 233(*l*)(1)—to appear and advise—contemplates a single purpose—*i.e.*, removal on behalf of the deemed defendant, regardless of the Attorney General's ability to make a coverage determination in that timeframe—much less its outcome. *Blumberger*, 115 F.4th at 1134 (recognizing § 233(*l*)(1) is not designed to afford the Attorney General an opportunity to make a coverage decision prior to removal).

The existence of federal jurisdiction—to adjudicate CompleteCare's claimed immunity defense—neither diminishes nor alters Plaintiffs or the government's

15

ability to represent its interests or dispute that defense on its merits. Blumberger, 115 F.4th at 1135, 1140 (noting Attorney General "is free to contest" a deemed defendant's claimed immunity in a "hearing") (citing § 233(c)).

## II.   Plaintiffs and the United States misapply § 1446(b)(1) instead of § 1446(b)(3) in analyzing the timeliness of CompleteCare's § 1442 removal

Both Plaintiffs and the government apply the wrong legal standard in analyzing the timeliness of CompleteCare's § 1442 removal: § 1446(b)(1) instead of § 1446(b)(3). Although § 1446(b)(1) generally requires removal within 30 days of service, that rule does not apply where, as here, the "case stated by the initial pleading" did not reveal "the facts necessary for federal jurisdiction.'" 28 U.S.C. § 1446(b)(3); *Blumberger*, 115 F.4th at 1122-24.

Under § 1446(b)(3), the 30-day "clock runs only upon receipt of a paper from which it may first be ascertained that the case is one which is or has become removable." *Blumberger*, 115 F.4th at 1122 (citing § 1446(b)(3)). The "paper" must both exist within the state court litigation *and* "inform the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present." *McLaren v. UPS Store, Inc.*, 32 F.4th 232, 236 (3d Cir. 2022); *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 384 (3d Cir. 2019) (quoting *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 210 (3d Cir. 2014) (citations omitted). The "phrase 'receipt by the defendant'" in §

16

1446(b)(3) "prohibits courts from imposing a duty on defendants to investigate the records they possess." *McLaren*, 32 F.4th at 239-40. Thus, where "the initial pleading or other document is indeterminate with respect to removability," the defendant has no "duty of inquiry" to search its records or look outside the state court litigation to discover a basis for removal. *Blumberger*, 115 F.4th at 1122 (citing *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094-95 (9th Cir. 2021); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) ("[T]he relevant test is not what the defendants purportedly knew, but what [the plaintiff's] documents said."); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("[W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when . . . [The grounds for removal must] be apparent within the four corners of the initial pleading or subsequent paper."); *Romulus v. CVS Pharm., Inc.*, 770 F.3d 67, 80 (1st Cir. 2014) ("The timeliness inquiry is limited to the information in the plaintiffs' papers . . . The defendant has no duty to perform a significant investigation of its own data to ascertain removability.").

By setting a "high bar," the rule under § 1446(b)(3) "discourages plaintiffs from attempting to 'prevent or delay removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own." *McLaren*, 32 F.4th at 239 (citing *Roth v.*

*CHA Hollywood Med. Ctr. L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013)); *Blumberger*, 115 F.4th at 1122 (recognizing § 1446(b)(3) sets a "high bar" to protect defendants and discourage gamesmanship). "Thus, even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document." *Roth,* 720 F.3d at 1125.

On its face, Plaintiffs' complaint does not allege sufficient facts to alert CompleteCare to its potential basis for removal under § 1442. The complaint makes no mention of CompleteCare's federal status under 42 U.S.C. § 233(g) and (h) or its relationship to the U.S. Department of Health and Human Services. ECF 1-2, Compl., at ¶ 33, 36 (referring, instead, to CompleteCare's status as a non-profit, founded 50 years ago). The government's state court appearance—virtually identical to an appearance it filed in the *Blumberger* litigation—"misleadingly" advised the state court that CompleteCare "is *not deemed* to be an employee of the Public Health Service with respect to the actions or omissions giving rise to this case." ECF No. 11-2, Ex. 2 (emphasis added); *Blumberger*, 115 F.4th at 1134 (finding nearly identical notice "misleadingly advised the state court"). If anything, the government's state court notice conceals or camouflages the fact supporting federal removal jurisdiction—i.e., CompleteCare's deemed status for the year the operative events occurred.

18

Thus, neither the complaint nor the government's state court notice can trigger § 1446(b)(3)'s 30-day clock. *Id.* Their remand motions cite nothing in the underlying state court litigation that provides "a substantial degree of specificity" that all elements of § 1442 "jurisdiction are present." *McLaren*, 32 F.4th at 236. Instead, they blame CompleteCare for not promptly discovering decisions or orders in cases out of other jurisdictions, to which CompleteCare was not even a party. The government goes so far as to mischaracterize CompleteCare's removal petition as a "specious" effort to "toll" § 1446(b)(1)'s 30-day clock. Not only is that the wrong rule (as explained in a case the government cites here, i.e., *Blumberger*), but the right rule, § 1446(b)(3), operates on the basis of notice, with "a substantial degree of specificity" that all elements of federal jurisdiction are present, not (as the government would have it) "tolling." U.S. Mot. at 20. Indeed, the government cites a case which stands for the commonsense proposition that "court decisions in different cases do not count as an 'order'" or other paper within the meaning of § 1446(b)(3)." *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 210 (3d Cir. 2014) (citations omitted); ECF 11-2, U.S. Br. at 20 n.7 (citing *A.S.,* 769 F.3d at 210) ([I]t is "an unsupported stretch to interpret 'order' to include a decision in a separate case with different parties").

To get around that rule, the government suggested it told CompleteCare, in a two-paragraph letter, everything it needed to know for a § 1442 removal. ECF No.

11-2, U.S. Br. at 20 n.7 (citing USAO Decl., Ex. 3). Apart from the fact that the letter was not filed in the state court, it hardly supports each element of a § 1442 removal. To the contrary, the letter expressly rejects CompleteCare's request for substitution, effectively disavowing (as its motion to remand does here) any basis for § 1442 removal.

Moreover, the letter (not itself an order) does not even cite an "order" that could fit within the Third Circuit's "narrow exception" to the rule that "court decisions in different cases do not count as an 'order'" within the meaning of § 1446(b)(3). *A.S.*, 769 F.3d at 210. "To qualify as an 'order' under § 1446(b), a court decision in another case 'must be sufficiently related to a pending case,' meaning that: (1) 'the order in the case came from a court superior in the same judicial hierarchy'; (2) 'was directed at a particular defendant'; and (3) 'expressly authorized that same defendant to remove an action against it in another case involving similar facts and legal issues.'" *Id*. at 210 (citing *Doe v. Amer. Red Cross*, 14 F3d 196, 202–03 (3d Cir. 1993). Here, the Fourth Circuit decision cited in the government's letter to CompleteCare is anything but "an unequivocal order directed to [CompleteCare], explicitly authorizing it to remove any cases it is defending." *Id*.

If an extra-judicial letter like this—which, on its face, expressly disavows a party's federal status or immunity and cites authority purporting to support that assertion—could trigger the 30-day clock under § 1446(b)(3) for purposes of a §

1442 removal, this would invite the very "bad faith gamesmanship" that § 1446(d)(3)'s "high bar" aims to prevent. *Blumberger*, 115 F.4th at 1122 ("[Section 1446(b)(3)] avoids bad-faith gamesmanship by 'preventing plaintiffs from strategically starting the removal clock without the defendants' realization.'") (citing Dietrich, 14 F.th at 1094).

Even though § 1446(b)(3)'s clock has yet to start here, nothing precludes a federal officer removal *before* that clock starts to run. *Rea v. Michaels,* 742 F.3d 1234, 1238 (9th Cir. 2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30–day time period never starts to run, and the defendant may remove at any time."). In other words, there is no such thing as a premature officer removal.

Because this case has not proceeded to trial, and § 233(a) immunity is an absolute right *not to be* a party to litigation, CompleteCare is still entitled to, and should be afforded, a federal forum and opportunity to challenge the Attorney General's adverse coverage determination (*i.e.*, a "hearing as to whether the deemed employee was acting within the scope of his employment when he committed the allegedly tortious conduct"). The government—which is "scarcely disinterested" and hardly infallible—should not be permitted to strip CompleteCare of its rights to do so through communications which can be, and have been, fairly described as

21

misleading and inaccurate. *Blumberger*, 115 F.4th at 1134; *De Martinez*, 515 U.S. at 429.

## CONCLUSION

For the foregoing reasons and those previously stated in CompleteCare's notice of removal, the Court should deny the motions to remand by Plaintiffs and the United States and conduct the proceedings mandated by 42 U.S.C. § 233(c) and (*l*). Thereafter, the Court should substitute the United States as the only proper defendant in place of CompleteCare.


Dated:  February 11, 2025            Respectfully submitted,

                                     CAPEHART & SCATCHARD, P.A.

                                     */s/ William G. Wright*
                                     William G. Wright, Esq. - 022481980
                                     Laura D. Ruccolo, Esq. – 018471993
                                     8000 Midlantic Drive, Suite 300S
                                     PO Box 5016
                                     Mount Laurel, N.J. 08054-5016
                                     Tel: 856.234.6800
                                     wwright@capehart.com

                                     FELDESMAN LEIFER LLP

                                     /s/ *Matthew S. Freedus*
                                     Matthew S. Freedus*
                                     DC. Bar No. 475887
                                     1129 20th Street, N.W., 4th Floor
                                     Washington, DC 20036
                                     Tel: 202.466.8960
                                     mfreedus@feldesman.com

*Admitted pro hac vice*
*Attorneys for Defendant, CompleteCare*
*Health*
*Network, d/b/a CompleteCare Health*
*Network*