JOHN GIORDANO
United States Attorney
JOHN STINSON
Assistant United States Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
856-757-5139
John.Stinson@usdoj.gov
*Attorneys for Non-Party the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMY FAZENBAKER, legal guardian of D.F., a minor, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COMMUNITY HEALTH CARE, INC., d/b/a COMPLETECARE HEALTH NETWORK, <br><br> *Defendant*. | Hon. Edward S. Kiel, U.S.D.J. <br> Hon. Sharon A. King, U.S.M.J. <br><br> Civil Action No. 1:24-11170 |

## REPLY BRIEF OF NON-PARTY THE UNITED STATES OF AMERICA IN SUPPORT OF ITS MOTION TO REMAND THIS CIVIL ACTION

On the brief:

John Stinson
Assistant United States Attorney

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT .................................................................................................................. 2

    I.    CompleteCare's removal under § 233(*l*)(2) was improper and lacks a statutory basis ................................................................................................................... 2

    II.    CompleteCare cannot remove under 28 U.S.C. § 1442 ..................................... 7

    III.   CompleteCare's removal was untimely under either statute ........................... 7

CONCLUSION............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*A. H. by Guzman v. Khalifa,*
Civ. No. 22-56061, 2024 WL 4119690 (9th Cir. Sept. 9, 2024) .................................. 9

*Agyin v. Razmzan*, 986 F.3d 168 (2d Cir. 2021) .......................................................... 5

*Allen v. Christenberry*, 327 F.3d 1290 (11th Cir. 2003)............................................ 2, 3

*Blumberger v. Tilley*, 115 F.4th 1113 (9th Cir. 2024)................................................. 3, 5

*Daniels v. Liberty Mutual Ins. Co.*, 484 F.3d 884 (7th Cir. 2007)................................ 4

*Doe v. Centerville Clinics,*
No. 23-2738, 2024 WL 3666164 (3d Cir. Aug. 6, 2024) ..................................... passim

*El Rio Santa Cruz Neigh'd Health Ctr., Inc. v. HHS,*
396 F.3d 1265 (D.C. Cir. 2005) ................................................................................ 6, 9

*Ford v. Sandhills Medical Foundation*, 97 F.4th 252 (4th Cir. 2024)................. 1, 2, 6

*Gonzalez v. CentroMed,*
Civ. No. 24-00852, 2025 WL 542249 (W.D. Tex. Feb. 6, 2025) ........................... 3, 4, 9

*Howlett by Howlett v. Rose*, 496 U.S. 356 (1990)........................................................ 4

*HSBC Bank USA, Natl. Assn. v. Shim,*
Civ. No. 23-01245-KM-ESK, 2023 WL 4543015 (D.N.J. June 20, 2023).................... 9

*Maglioli v. Alliance HC Hold'gs LLC*, 16 F.4th 393 (3d Cir. 2021) ............................ 7

*Mohr v. Trustees of U. of Penna.*, 93 F.4th 100 (3d Cir. 2024)................................. 5, 7

*O'Neal v. Middletown Twp.,*
Civ. No. 18-5269-BRM-LHG, 2019 WL 77066 (D.N.J. Jan. 2, 2019).......................... 6

*Smart v. Twp. of Toms River,*
Civ. No. 23-10723-RK-TJB, 2024 WL 1283742 (D.N.J. Mar. 26, 2024) .................. 6, 7

*Tafflin v. Levitt*, 493 U.S. 455 (1990) ........................................................................... 4

*Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142 (2007) ................................... 5

**Statutes**

28 U.S.C. § 1442 ............................................................................................................... passim

28 U.S.C. § 1446 ....................................................................................................................... 8, 9

42 U.S.C. § 233 ................................................................................................................. passim

## **PRELIMINARY STATEMENT**

In its Opposition, ECF No. 16, CompleteCare attempts to obscure a clear picture of a faulty and untimely removal. Its belated effort to secure a federal forum should be rejected because there exists neither a statutory right to be in federal court under 28 U.S.C. § 1442(a) or 42 U.S.C. § 233(*l*)(2); nor any prejudice to it by litigating these data breach cases in state court, Plaintiffs' chosen forum.

CompleteCare's Opposition, to its own detriment, diverts attention from its improper removal by relying on unpersuasive out-of-circuit decisions in factually inapposite medical malpractice cases. But there are recent decisions in cases involving data breaches that directly address the questions before this Court, including decisions from the Third Circuit in *Doe v. Centerville Clinics*, No. 23-2738, 2024 WL 3666164 (3d Cir. Aug. 6, 2024), and the Fourth Circuit in *Ford v. Sandhills Medical Foundation*, 97 F.4th 252 (4th Cir. 2024), *cert. denied* No. 24-483, 2025 WL 663698 (U.S. Mar. 3, 2025). These relevant decisions, and others cited in the United States' opening brief, confirm that: (1) CompleteCare's removal under § 233(*l*)(2) was improper when the United States appeared in state court to file a § 233(*l*)(1) notice stating that HHS's deeming decision did not reach these cyber security claims; (2) CompleteCare cannot remove under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because it is not itself, and did not act under, a federal officer; and (3) even if permissible under either statute (it is not), CompleteCare's removal was untimely. Accordingly, the United States respectfully requests that the Court remand this matter back to state court.

# ARGUMENT

## I. CompleteCare's removal under § 233(*l*)(2) was improper and lacks a statutory basis

CompleteCare's Opposition ignores the statutory text of § 233 to advocate instead for automatic removals of *all* cases in which it is a defendant. *See* Opp. at 6-13. Shortcomings of that policy proposal aside, it is not the law.[1] Indeed, CompleteCare fails to rebut the statutory defect in its purported § 233(*l*)(2) removal: the United States timely appeared to advise the state court and the parties whether Plaintiffs' claims resulted from conduct within 42 U.S.C. § 233(a). *See* 42 U.S.C. § 233(*l*)(2) (providing that a health center may remove only when "the Attorney General fails to appear in State court within" 15 days after being notified of such lawsuit). This appearance alone precludes removal under the statute, CompleteCare's objections about the content notwithstanding. *See Allen v. Christenberry*, 327 F.3d 1290, 1294-95 (11th Cir. 2003) (reversing district court's exercise of jurisdiction and ordering remand because United States' timely appearance in state court defeated removal); *Centerville Clinics Inc.*, 2024 WL 3666164, at *2 ("The Attorney General appeared within the statutory period, and so [Defendant's] reliance on § 233(*l*)(2) is misplaced."); *Gonzalez v. CentroMed*, Civ. No.

---

[1] Indeed, under CompleteCare's interpretation of the statute, it would appear that a deemed entity could assert a right to remove any action brought against it (slip-and-fall in a clinic lobby, employment discrimination claim by physician, contract dispute with a medical supply company) and seek to open up the public fisc well beyond the scope of FSHCAA. *See Ford v. Sandhills Med. Found., Inc.*, 97 F.4th 252, 261 (4th Cir. 2024) (finding that "[t]here is no limiting principle to [health center's] position"). This interpretation does not comport with Congress's language in § 233 and would create unwarranted burdens on the executive branch and the federal courts—not to mention significant delays in state court litigation.

24-00852, 2025 WL 542249, at *2 (W.D. Tex. Feb. 6, 2025) (granting remand in data breach case when Attorney General timely appeared in state court and filed § 233(*l*)(1) notice).

In *Centerville Clinics*, the Third Circuit applied the "plain text of the statute," and concluded that a deemed health center facing claims about its website design may not remove pursuant to § 233(*l*)(2) if the Attorney General appears in state court within 15 days—even if only to report that the government has yet to determine whether the health center's "deemed status extends 'to the acts or omissions that are the subject of this civil action.'" *Centerville Clinics Inc.*, 2024 WL 3666164, at *2. In so doing, the court joined the Eleventh Circuit in applying the statute as it is written. *See Christenberry*, 327 F.3d at 1294-95.

CompleteCare instead relies upon a recent Ninth Circuit 2-1 opinion in a garden-variety medical malpractice case to argue that the United States had some statutory obligation to remove this data breach case the moment it appeared in state court.[2] Opp. 6-13 (citing *Blumberger v. Tilley*, 115 F.4th 1113 (9th Cir. 2024)). Ninth

---

[2] Two members of the *Blumberger* panel expressed concern that the Attorney General's conclusion (that plaintiffs' lawsuit did not implicate the doctor's deemed status) would be "unreviewable" if the health center could not remove the case. This section of the panel majority opinion is unpersuasive dictum. *See Blumberger*, 115 F.4th at 1126 (explaining that Part III.A of the panel majority demonstrates why the text of the statute "compels [the] conclusion" reached about the statute, whereas Part III.B, addressing judicial review concerns, merely "support[s]" its textual analysis). The dissent pointed out myriad flaws in the panel majority's analysis. The panel majority's excursion into concerns about judicial review was, in all events, mistaken. As the United States pointed out in its motion to remand here, at 2 n.1, ECF No. 11-2, CompleteCare was (and is) free to assert its claimed statutory immunity under § 233(a) in a motion to dismiss in state court. The Attorney General's conclusion that CompleteCare is not deemed to be a PHS employee for cybersecurity purposes,

3

Circuit opinions are not binding on this Court. Outside the Ninth Circuit, courts have already rejected the *Blumberger* majority's opinion, adopting the dissenting opinion's textual reasoning instead. *See Gonzalez*, 2025 WL 542249 at *3 n.2. *Blumberger*, in any event, did not address the question presented here: whether CompleteCare satisfied the statutory conditions for removal under § 233(*l*)(2) where the United States timely appeared in state court to advise that CompleteCare was not deemed with respect to the acts or omissions because 42 U.S.C. § 233(a) does not apply to them. To the extent *Blumberger* has any relevance or persuasive value here, the opinion refutes CompleteCare's core argument and supports the conclusion that the United States was not required to remove this case because the Attorney General determined (and notified the state court and parties within 15 days) that the action does not fall within the scope of § 233(a):

> A defendant satisfies these requirements if he was deemed for the relevant time period and was providing services for which § 233 would supply immunity. In those cases, the Attorney General is required to provide positive notice to the state court. **The Attorney General may reply in the negative if the acts or omissions identified in the complaint fall outside the category of services for which the defendant is deemed**[.]

---

rendering § 233(a) inapplicable, is not binding or conclusive on the New Jersey Superior Court, and CompleteCare can raise the federal statutory defense in state court. *Cf. Daniels v. Liberty Mutual Ins. Co.*, 484 F.3d 884, 888 (7th Cir. 2007). CompleteCare has not explained why, when briefing its motion to dismiss in state court before it removed, it failed to argue for its purported § 233(a) immunity. CompleteCare also has not explained why a state court is somehow incompetent to decide this issue, given that state courts have a coordinate responsibility to decide federal law issues when they arise in cases under a state court's jurisdiction. *See, e.g. Howlett by Howlett v. Rose*, 496 U.S. 356, 367 (1990); *Tafflin v. Levitt*, 493 U.S. 455, 465 (1990). If a state court gets it wrong, direct review is available by the Supreme Court itself. *Tafflin*, 493 U.S. at 465.

4

*Blumberger*, 115 F.4th at 1130 (emphasis added). The Attorney General's notices in these data breach cases aligned with what the *Blumberger* majority reasoned is permissible for the United States to do under § 233(*l*)(1). CompleteCare's deemed status as a PHS employee did not extend to the allegations of these data breach cases because the acts or omissions giving rise to suit are not within the category of claims encompassed within § 233(a). Thus, *Blumberger* does not help CompleteCare here where its removal was improper even under the Ninth Circuit's formulation.[3]

The United States followed the law set forth in § 233 as affirmed recently by the Third Circuit.[4] *See Centerville Clinics Inc.*, 2024 WL 3666164, at *1. The Attorney General's designee appeared in each of the four data breach cases in the New Jersey Superior Court (prior to their consolidation) and filed § 233(*l*)(1) notices just days after being notified by HHS about the existence of the state court cases. *See* Decl. of R. Murphy, ¶ 12 (HHS notified United States Attorney's Office on April 3, 2024), ECF

---

[3] CompleteCare also chides the United States for not discussing the *Agyin v. Razmzan*, 986 F.3d 168 (2d Cir. 2021) opinion, but that case does not involve a challenge to a § 233(*l*)(2) removal and its § 1442 analysis is both inconsistent with the Supreme Court's decision in *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142 (2007) and factually mistaken in its assumption that the federal government would be obligated to provide care to private citizens in medically underserved areas if Community Health Centers did not. Moreover, *Agyin*'s flawed application of the § 1442 factors is demonstrably at odds with more recent and binding Third Circuit precedent, such as *Mohr v. Trustees of U. of Penna.*, 93 F.4th 100, 105 (3d Cir. 2024).

[4] *Centerville Clinics* was decided prior to *Blumberger*. However, we need not guess whether the Ninth Circuit's reasoning might have convinced the Third Circuit to change its mind. Centerville—represented by the same counsel as in these cases—relied heavily upon *Blumberger*, and *Agyin*, when unsuccessfully requesting *en banc* review. *Doe v. Centerville Clinics*, 23-2738 (3d Cir.) at ECF Nos. 71 (petition for rehearing), 72 (order denying petition).

No. 11-3; 233(*l*)(1) Notice (filed April 10, 2024), ECF No. 11-4. Moreover, the state court notices and letter response to CompleteCare (again distinguishing this case from the facts in *Blumberger*) explained that HHS's deeming does not extend to the conduct described in the data breach complaints, because the alleged injuries did not result from the performance of a medical, surgical, dental, or related functions, as required by the statute. 42 U.S.C. §§ 233(a), (g)(1), and (*l*)(1) ("If a civil action or proceeding is filed in a State court . . . for damages described in subsection (a)[.]").[5] The notices and letter worked as intended: CompleteCare was never subject to a default judgment in state court. *See El Rio Santa Cruz Neigh'd Health Ctr., Inc. v. HHS*, 396 F.3d 1265, 1271-72 (D.C. Cir. 2005). Section 233(*l*)(2) does not grant CompleteCare the ability to remove these data breach cases to federal court after the Attorney General has timely appeared in state court. These cases must be remanded.

---

[5]   In its moving brief, the United States outlined in detail why these data breach cases do not fall under the protections of § 233, citing a recent Fourth Circuit opinion directly addressing this issue, as well as analogous federal court opinions. *See Ford v. Sandhills Med. Found., Inc.*, 97 F.4th 252 (4th Cir. 2024); *see also Doe v. Centerville Clinics Inc.*, No. 23-2738, 2024 WL 3666164, at *1, n.4 (3d Cir. Aug. 6, 2024); USA Br. at 1-2, 4-5, 14-19 (citing data breach cases). CompleteCare failed to oppose these arguments or distinguish these cases. CompleteCare thus forfeited any opposition on these grounds for remand (on which the United States is correct on the merits). *See Smart v. Twp. of Toms River*, Civ. No. 23-10723-RK-TJB, 2024 WL 1283742, at *2 (D.N.J. Mar. 26, 2024) ("A court may interpret a defendant's decision not to respond to a motion as a signal that the defendant does not oppose it."); *cf. O'Neal v. Middletown Twp.*, Civ. No. 18-5269-BRM-LHG, 2019 WL 77066, at *3 (D.N.J. Jan. 2, 2019) (holding in reviewing a motion to dismiss that "Plaintiffs fail to present any substantive argument in opposition to Defendants' argument, and therefore, have conceded the point.").

## II. CompleteCare cannot remove under 28 U.S.C. § 1442

In its moving brief, the United States also discussed in detail why CompleteCare is not a "federal officer" and cannot remove under 28 U.S.C. § 1442 at any time. *See* USA Br. at 19-24. Binding Third Circuit law forecloses CompleteCare's reliance on § 1442. *Id.* (discussing, *inter alia*, *Mohr v. Trustees of U. of Penna.*, 93 F.4th 100, 105 (3d Cir. 2024); *Maglioli v. Alliance HC Hold'gs LLC*, 16 F.4th 393, 404 (3d Cir. 2021)). CompleteCare failed to respond to these arguments apart from stating, without legal authority or evidence, that it is a federal officer. Thus, CompleteCare forfeits its opposition to the United States' arguments based on § 1442. *See Smart*, 2024 WL 1283742, at *2.

The Third Circuit holds that "[m]erely complying with federal laws and regulations is not 'acting under' a federal officer for purposes of federal-officer removal." *Maglioli*, 16 F.4th at 404. There is a well-established test in this Circuit for a non-governmental entity to qualify for "federal officer" status. *Id.*; *see Mohr*, 93 F.4th 100 at 104. The United States explained why CompleteCare cannot meet that test. USA Br. at 22-24. In response, CompleteCare said nothing about any of the four points of the test. Accordingly, there is no basis for CompleteCare to declare itself a "federal officer" and no basis for its removal under § 1442.

## III. CompleteCare's removal was untimely under either statute

CompleteCare offers no plausible explanation for why it waited nearly a year from service of the New Jersey Superior Court complaints to remove to this Court. CompleteCare only asserts that it was entitled to do so "any time before trial" under

7

§ 233(*l*)(2) and that no clock has yet begun for its removal under § 1442. Opp. Br. at 14, 21.

In making these arguments, CompleteCare appears to suggest that it had no way of knowing until late 2024 that § 233 might be relevant to these data breach lawsuits. Opp. Br. at 20. The Court should reject this notion, which is belied by CompleteCare's own admissions. As outlined in the Murphy Declaration (which CompleteCare fails to mention at all in its brief), in late February 2024, CompleteCare "contacted HHS to ask whether there was FTCA coverage for cyber-attack lawsuits" and then began sending copies of data breach complaints filed against it. ECF No. 11-3, Decl. ¶¶ 7-8. Moreover, in the first paragraph of its Notice of Removal, CompleteCare announced that it has had "continuous deemed status, since as early as calendar year 2010," which is reflected on a publicly available website. *See* Not. of Removal at ¶ 1, ECF No. 1.

Its arguments as to the timeliness of its § 1442 removal are unavailing, if not disingenuous. Under 28 U.S.C. § 1446(b)(1), it had thirty days after it was served to remove the case under § 1442. Plaintiffs served CompleteCare in *Fazenbaker*[6] and *Webb*[7] on February 7, 2024; in *Dos Santos*[8] on February 9, 2024; and in *Lyston*[9] on March 28, 2024. Therefore, because CompleteCare already knew about its deemed status by those dates, it had—at the latest—until April 29, 2024 to timely remove

---

[6] Case No. CUM-L-000036-24 (Superior Court of New Jersey, Cumberland County)
[7] Case No. CUM-L-000045-24 (Superior Court of New Jersey, Cumberland County)
[8] Case No. CUM-L-000071-24 (Superior Court of New Jersey, Cumberland County)
[9] Case No. CUM-L-000176-24 (Superior Court of New Jersey, Cumberland County)

8

under § 1442. It did not. Its argument that this situation falls under 28 U.S.C. § 1446(b)(3) because the Plaintiffs did not invoke § 233 or other federal law in their complaints is unsupported (at best) because of CompleteCare's own inquiry of HHS in February 2024 and because CompleteCare had sought and received a deemed status from HHS since 2010. *See A. H. by Guzman v. Khalifa*, Civ. No. 22-56061, 2024 WL 4119690, at *1 (9th Cir. Sept. 9, 2024) (concluding that "§ 1442 removal was untimely" when deemed health center "had been party to the deeming process with HHS" and was therefore "on notice from the filing of the complaint that it could have asserted federal officer removal under § 1442"); *Gonzalez*, 2025 WL 542249, at *4-5.

CompleteCare's arguments supporting the timeliness of its removal do not withstand any scrutiny. With respect to its purported § 233(*l*)(2) removal, CompleteCare slept on its known rights, decided to defend itself in state court (including by filing a motion to dismiss), and is subject to laches, even if there otherwise existed a statutory basis upon which to rest the removal (and there does not). *El Rio Santa Cruz Neigh'd Health Ctr.*, 396 F.3d at 1274. With respect to its purported § 1442 removal, CompleteCare missed the 30-day window for removal as set forth in 28 U.S.C. § 1446(b)(1). *See, e.g., HSBC Bank USA, Natl. Assn. v. Shim*, Civ. No. 23-01245-KM-ESK, 2023 WL 4543015, at *2 (D.N.J. June 20, 2023), *R&R adopted sub nom., HSBC Bank, USA v. Shim*, Civ. No. 23-01245 (KM) (ESK), 2023 WL 11830777 (D.N.J. Oct. 19, 2023). Accordingly, the Court should remand this case back to state court where the parties can finish the litigation they started prior to CompleteCare's improper removal.

9

## **CONCLUSION**

For the reasons set forth above and in its opening brief, non-party the United States respectfully requests that the Court remand this lawsuit back to the New Jersey Superior Court.

                                                  Respectfully submitted,

                                                  JOHN GIORDANO
                                                  United States Attorney

Dated: March 4, 2025                By:    / s / *John Stinson*
                                                      JOHN STINSON
                                                      Assistant U.S. Attorney
                                                      *Attorneys for non-party,*
                                                      *the United States of America*

## CERTIFICATE OF SERVICE

By my electronic signature below, I certify that on March 4, 2025, I filed the foregoing reply brief of the United States in the above-captioned lawsuit through this Court's ECF system, which caused a copy of the filing to be served upon all counsel of record by ECF notice.

*/s/ John T. Stinson*
John T. Stinson
Assistant United States Attorney